IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TONY ALEXANDER HAMILTON, Plaintiff, v. DAVID J. ANGERHOFER et al., Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS** Case No. 2:15-CV-344 DB District Judge Dee Benson |

Plaintiff, Tony Alexander Hamilton, a Utah State Prison inmate, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2] Considering Plaintiff's motion[3] that the Court reconsider its dismissal order of December 1, 2015, the Court now vacates that order[4] and reopens the case.

Based on review of the Complaint,[5] the Court concludes that official service of process is warranted. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon this Utah Department of Corrections (UDOC) affiliate: **David J. Angerhofer, contract attorney.**.

Once served, Defendant shall respond to the summons in one of the following ways:

(A) If Defendant wishes to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendant must,

---

[1] *See* 42 U.S.C.S. § 1983 (2016).

[2] *See* 28 *id.* § 1915.

[3] (Docket Entry # 8.)

[4] (Docket Entry # 7.)

[5] (Docket Entry # 3.)

(i) within 20 days of service, file an answer;

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[6]; and,

(iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendant chooses to challenge the bare allegations of the Complaint, Defendant shall, within 20 days of service,

(i) file an answer; or

(ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendant chooses not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendant must,

(i) file an answer, within 20 days of service;

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

(iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

---

[6] *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(D) If Defendant wishes to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendant must file an appropriate motion within 90 days of filing his answer.

The parties shall take note that local rules governing civil cases are in effect. All requirements are important but the most significant here are in motion practice and sealed filings. This Court will order the parties to refile summary-judgment motions which do not follow the standards.[7]

Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that (s)he must, within 30 days of its filing, respond to a motion to dismiss or summary-judgment motion. Plaintiff is finally notified that, if Defendant moves for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for the Court to reconsider its dismissal order is GRANTED.[8] The Court's dismissal order is VACATED.[9] And this case is REOPENED.

(2) USMS shall serve a completed summons, a copy of the Complaint,[10] and a copy of this Order upon the above-listed defendant.

---

[7] *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

[8] (Docket Entry # 8.)

[9] (Docket Entry # 7.)

(3) Within 20 days of being served, Defendant must file an answer or motion to dismiss, as outlined above.

(4) If filing a *Martinez* report, Defendant must do so within 90 days of filing his/her answer. Under this option, Defendant must then file a summary-judgment motion within 120 days of filing his/her answer.

(5) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(6) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(7) Summary-judgment motion deadline is 120 days from filing of answer.

(8) If requesting relief otherwise contemplated under the procedural rules, Defendant must do so within 90 days of filing his/her answer.

DATED this 29th day of June, 2016.

BY THE COURT:

JUDGE DEE BENSON
United States District Court

---

[10](*See* Docket Entry # 3.)