IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TONY ALEXANDER HAMILTON,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID J. ANGERHOFER et al.,<br><br>                Defendants. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br><br>Case No. 2:15-CV-344 DB<br><br>District Judge Dee Benson |

      Plaintiff/inmate, Tony Alexander Hamilton, filed this *pro se* civil-rights suit, *see* 42 U.S.C.S. § 1983 (2017), proceeding *in forma pauperis*. *See* 28 *id.* § 1915.  His Complaint is now before the Court for evaluation under Defendant's amended motion to dismiss.

**Analysis**

**A. Standard of Review**

      This Court shall dismiss any claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff asserts that prison contract attorney David Angerhofer violated his federal civil rights by denying him meaningful access to the courts when Angerhofer neglected to help Plaintiff fill out a petition under 28 U.S.C.S. § 2241 (2017), resulting in the case's dismissal.

### C. Defendant's Rejoinder

In his motion to dismiss, Defendant Angerhofer contends that he is not culpable under federal civil-rights law because, as a private attorney contracted by the Utah Department of Corrections to provide initial legal services for state prisoners, he is not a "state actor."  First, he correctly argues that, though lawyers are generally licensed by the states, "they are not officials of government by virtue of being lawyers."  In re Griffiths, 413 U.S. 717, 729 (1973).  Further, he cites precedent stating that private contractors' acts do not become governmental acts under § 1983 by reason of their significant or even total involvement in executing the terms of public contracts.  Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982).  He goes on to quote: "[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelly v. Kramer*, 334 U.S. 1, 14 (1948).

### D. Analysis

The Court is persuaded by Defendant's arguments, especially in light of an earlier case decided in this Court: *Smith v. Freestone*, Case No. 2:97-CV-944.  In a Report and Recommendation adopted in a dismissal order by the district court judge, the following language appears, "Prison contract attorneys do not work under color of state law for purposes of § 1983." *See id.*, slip op. at 3 (D. Utah Aug. 20, 1998). The dismissal was affirmed by the Tenth Circuit, which ruled that the defendants in that case, also attorneys who contracted with the State to provide legal help to inmates, were not acting under "color of state law" in performing those duties.  *Smith v. Freestone*, No. 99-4005, 1999 U.S. App. LEXIS 16766, at *2 (10th Cir. July 20,1999); *cf. Polk County v Dodson*, 454 U.S. 312, 321 (1981) ("[A] public defender is not amenable to administrative direction in the same sense as other employees of the State.").  A good final point: Like a public defender, Defendant works under canons of professional responsibility that govern his exercise of independent judgment on behalf of clients. "[T]he canons of professional ethics impose limits on permissible advocacy." *Dodson*, 454 U.S. at 323. In other words, every lawyer, whether privately retained or publicly appointed, is charged to avoid clogging the courts with frivolous claims.  *See id.*

### ORDER

**IT IS HEREBY ORDERED** that Defendant's amended Motion to Dismiss is **GRANTED**.  (*See* Docket Entry #s 15 & 16.) Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2017), for failure to state a claim on which relief

may be granted.  Neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

        DATED this 7th day of March, 2017.

                                        BY THE COURT:

                                        DEE BENSON
                                        United States District Judge